# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL LAWRENCE PACK | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. L-12-266 |
| JUDGE RICHARD D. BENNETT | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM

Michael Lawrence Pack has brought suit against the Honorable Richard D. Bennett ("Judge Bennett"), a member of this Bench. Pack's 20-page, handwritten complaint is almost entirely incomprehensible, but appears to claim that Judge Bennett's dismissal of one of his prior cases (Pack v. MTA Officer Anjanette Jones, Civil Action No. RDB-11-3469) violated his civil rights. Pack demands damages of "1 brillion dollars." The Court will, by separate Order, grant Pack's Motion to Proceed in Forma Pauperis (Docket No. 2) and dismiss the Complaint with prejudice as frivolous.

Pack is a frequent self-represented litigant who has filed dozens of cases in this Court.[1] The Court repeatedly warned Pack that if he continued in his pattern of multiple, vexatious filings, his pleadings would be subject to a pre-filing injunction.[2] Pre-filing injunctions are justified by "the power and obligation" of the courts to "protect themselves from abusive filing of frivolous and repetitive claims." McMahon v. F/M Bank-Winchester, 45 F.3d 426 (4th Cir.

---

[1] See, e.g., Pack v. MTA Officer Anjanette Jones, Civil Action No. WMN-11-1985; Pack v. Officer Anjanette Jones, Civil Action No. RDB-11-3469; Pack v. Officer Anjanette Jones, Civil Action No. WMN-11-1181; Pack v. Officer Anjanette Jones, Civil Action No. ELH-11-837; Pack v. Officer Anjanette Jones, Civil Action No. RDB-11-657; Pack v. Officer Anjanette Jones, et al., Civil Action No. WDQ-11-325; Pack v. MTA Officer Anjanette Jones, Civil Action No. L-11-18; Pack v MTA Officer Anjanette Jones, Civil Action No. WMN-11-522; Pack v. Public Safety & Correctional Services Department, et al., Civil Action No. CCB-09-2911; Pack v. O'Malley, Civil Action No. WDQ-09-2912; Pack v. State of Maryland, Civil Action No. L-09-2400; Pack v. Baltimore City Police Department, Civil Action No. WDQ-09-2223; Pack v. State of Maryland, Civil Action No. RDB-09-1018; Pack v. Baltimore City Police, Civil Action No. AMD-09-518; Pack v.Weidefield, Civil Action No. JFM-09-208; Pack v. Maryland Transit Administration, Civil Action No. AMD-08-3097; Pack v. Commissioner Frederick Bealefield, Civil Action No. CCB-08-2625; Pack v. Commissioner Frederick Bealefield, Civil Action No. WMN-08-3067.

[2] See Pack v. Baltimore City Police Department, Civil Action No. WDQ-09-1484, Docket No. 7; Pack v. Officer Anjanette Jones, Civil Action No. ELH-11-837, Docket No. 3; Pack v. MTA Officer Anjanette Jones, Civil Action No. WMN-11-1181, Docket No. 3; Pack v. MTA Officer Anjanette Jones, et al., Civil Action No. RDB-11-1576, Docket No. 3.

1994) (unpublished) (citing <u>Procup v. Strickland</u>, 792 F.2d 1069, 1070–71 (11th Cir.1986) (en banc)).

Pack nevertheless continued to abuse the system by filing repetitious complaints, resulting in the issuance of a pre-filing injunction prohibiting him from lodging any further claims concerning MTA Officer Anjanette Jones's issuance of a citation to him in 2003, citations issued to Pack by the Baltimore City Police in 2008 for public urination and failure to pay a public transit fare, and the alleged detention by Baltimore City Police of another individual by the name of Michael Lawrence Poole.  See <u>Pack v. MTA Officer Anjanette Jones</u>, Civil Action No. RDB-11-1576, Docket No. 3; <u>see also</u> <u>Pack v. MTA Officer Anjanette Jones, et al.</u>, Civil Action No. WMN-11-1985, dismissed, CA4 NO. 11-1798 (August 10, 2011) (appellant enjoined from filing appeals in the Fourth Circuit unless the district court certifies that the petition or appeal is not frivolous).

Judges are immune from civil suit for actions taken in their judicial capacity.  See <u>Mireles, v Waco</u>, 502 U.S. 9, 11–12 (1991).  This immunity is for the benefit of the public, "whose interest it is that judges should be at liberty to exercise their functions with independence and without fear of consequences."  <u>Imbler v. Patchman</u>, 424 U.S. 409, 419 n. 12 (1976) (citation and quotation marks omitted).

Pack's claim against Judge Bennett is impermissible and must be dismissed.  He is further forewarned that, should he continue to waste judicial resources in this manner, the scope of the pre-filing injunction against him may be expanded.

A separate Order follows.

Dated February 17, 2012                                                                /s/
                                                                          _____
                                                                          Benson Everett Legg
                                                                          United States District Judge

---

3       Pack was afforded fourteen days to show cause why the injunction should not be entered, but made no response.  See <u>Cromer v. Kraft Foods N. Am., Inc.</u>, 390 F.3d 812, 817 (4th Cir. 2004) (before issuance of a pre-filing injunction, an individual must be given notice and an opportunity to respond).